GILBERT E. D. FALLS, plaintiff in error, vs. JOHN M. GRIFFITH, adm'r, defendant in error.

It is not necessary to the validity of a claim of land at executors or administrators sale, that bond and security should be given.

Claim, from Fannin county. Decided by Judge RICE, November Term, 1857.

This was a claim for a lot of land. When the case came on, the administrator moved to dismiss the claim on the ground that no bond and security had been given. The Court held that it was incumbent on the claimant to file a bond as well as affidavit, which it was admitted had been filed. Claimant's counsel then offered to prove that he, claimant, was under the age of 21 years, but had since attained that age, and moved the Court to permit the claimant then to file such bond as the Court held to be necessary. The Court overruled the motion holding that if an insufficient bond had been filed it might have been amended, but

Falls vs. Griffith, adm'r.

no bond having been filed the Court had no discretion in the matter; and to this decision claimant excepted.

MARTIN, for plaintiff in error.

CHASTAIN & UNDERWOOD, *contra.*

*By the Court*—McDONALD, J. delivering the opinion.

As we reverse the judgment of the Court below, on the ground that said Court erred in deciding that a claimant of land advertised for sale at administrator's sale, must give bond and security as in cases of claims of property levied on by attachment or execution, it will be unnecessary to consider the other ground of error assigned in the bill of exceptions.

The right to claim land advertised for sale at executors or administrator's sale is the creature of a statute.  The statute authorizing it, requires the claimant, by himself, his agent, or attorney, to file with the Ordinary, such claim on oath; and to serve a copy on the executor or administrator, previous to the day of sale.  This is all that the statute requires of the claimant.  It is made the duty of the clerk (now the Ordinary) to transmit the claim to the next Superior Court of the county where the land lies.  No bond is required, and we have no power to annex to a claim of this sort, a condition that a bond must be given, merely because the Legislature has made the giving a bond and security, a condition to a claim of another description.

The statute requires that the right of property in such cases shall be tried upon an issue made up, in the same manner and under the like regulations, restrictions and penalties as are laid down, in the Judiciary Act, for the trial of the right of property levied on under executions.  This clause of the act has reference to the trial of an issue made up on a claim already regularly filed under the statute.  It may be tried as prescribed, without a bond, and it is not to be inferred, neces-

sarily, that a bond must have been given.  If damages are given·on the trial against the claimant, on the value of the property claimed, as a penalty for making an unfounded claim, the only difficulty is, that the executor or administrator has no security for their payment, except the responsibility of the claimant.

Judgment reversed.